IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

CHRISTOPHER ALLEN REINSCH, #L1317                              PLAINTIFF

VERSUS                                CIVIL ACTION NO.  3:07cv156-HTW-LRA

LT. CALVIN HOSKINS, CO. EVANS
and CAPT. ARMSTRONG                                            DEFENDANTS

## ORDER

This cause comes before this Court on plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction [7-1]. Having considered the plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction [7-1], this Court has come to the following conclusion.

In order to obtain injunctive relief, a plaintiff must satisfy the stringent test set forth in Mississippi Power & Light Co. v. United Gas Pipe Co., 760 F.2d 618 (5th Cir. 1985) citing Canal Authority of State of Florida v. Callaway, 489 F.2d 567 (5th Cir. 1974).  The granting or denial of a motion for a temporary restraining order rests in the sound discretion of the trial court.  Canal Authority of State of Florida v. Callaway, 489 F.2d 567, 572 (5th Cir. 1974). However, the movant bears the burden of satisfying the four prerequisites for the extraordinary relief of a temporary restraining order.  Id. at 572.  The four prerequisites are:  (1) a substantial likelihood that plaintiff will prevail on the merits; (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted; (3) the threat and injury to plaintiff outweighs the threat and harm the injunction may do to defendants; and (4) granting the injunction will not disserve the public interest.  Id. at 572.  These requirements are not balanced, but rather each one must be met before the court can grant such a drastic remedy as a temporary restraining

order.  Mississippi Power & Light Co., 760 F.2d at 621.  In considering these prerequisites the court must bear in mind that a temporary restraining order is an      extraordinary and drastic remedy which should not be granted unless the movant clearly carries the burden of persuasion. The primary justification for applying this remedy is to preserve the court's ability to render a meaningful decision on the merits.  Canal Authority of State of Florida v. Callaway, 489 F.2d 567, 573 (5th Cir. 1974).

On June 25, 2007, the plaintiff provided this Court with a copy of the Third Step Response and a copy of the Certificate establishing that his appeal of R.V.R #350879 has been completed.  (See attachment [16-1]).  Therefore, the request for a temporary restraining order or preliminary injunction has been rendered moot by the decision of the prison officials concerning the plaintiff's appeal of R.V.R. #350879.  Therefore, it is hereby,

ORDERED that plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction **[7-1] is DENIED**.

SO ORDERED, this the 4th day of September, 2007.

s/ HENRY T. WINGATE
CHIEF UNITED STATES DISTRICT JUDGE


Civil Action No. 3:07-cv-156 HTW-LRA